WARREN DAVIS v. TOWN OF PUTNEY.

*Soldier's Bounty.    Drafted Men.    Commutation.*

Independent of the special legislation on the subject, there is no authority in towns to grant bounties, and the special statutes do not authorize towns to grant bounties to drafted men who commuted for service by paying $300.

ASSUMPSIT to recover a town bounty. Plea, the general issue. Trial by the court at the September term, 1870, BARRETT, J., presiding, upon the following agreed statement of facts :

In July, 1863, the plaintiff being enrolled in the town of Putney, as a person liable to do military duty for the United States, in the suppression of the then existing rebellion, under the conscription act then in force, was, with other citizens of said town, drafted into the military service of the United States, and was accepted by the proper authorities and held for duty. The plaintiff did not enter the military service of the United States, nor did he furnish a substitute, but in lieu thereof he commuted for the military service due from him to the government, by paying the sum of three hundred dollars, as provided by said conscription act. Some of the persons thus drafted entered the service themselves, others procured substitutes, and others, like the plaintiff, paid commutation money. After the plaintiff was thus drafted and had commuted as aforesaid, his name was stricken from the enrollment of said Putney, and such draft and commutation operated to diminish the quota of said Putney, under the draft, one man ; and the town of Putney derived all the benefit from the

plaintiff's draft and commutation which under the laws and regulations of the war department it could be entitled.

On the 11th day of July, 1864, a meeting of the voters of Putney was duly warned, to be holden on the 23d day of July, 1864. The warrant contains the following article :

" 4th. To see if the town will vote to pay those enrolled soldiers of the town who were drafted in 1863, and accepted, the sum of not less than two hundred dollars, and not more than three hundred, less the sum they have heretofore received from the town."

Pursuant to this article the town voted :

" 4th. On motion, voted to pay those enrolled soldiers that were drafted and accepted, three hundred dollars each, less the sum they have received, agreeably to the fourth article."

On the 25th day of August, 1864, the town voted to reconsider said vote.

The defendant town never paid the plaintiff the sum voted at the meeting of July 23d, 1864. The plaintiff demanded said sum of the defendant on that day.

If upon the foregoing facts the plaintiff is entitled to recover, it is agreed that judgment shall be rendered in his favor for the sum of $300 and interest from the 23d day of July, 1864, otherwise judgment for the defendant to recover its costs.

The county court having upon the foregoing statement rendered judgment, *pro forma*, for the defendant, the plaintiff excepted.

*Field & Tyler*, for the plaintiff.

*C. N. & G. W. Davenport*, for the defendant.

The opinion of the court was delivered by

PECK, J. It is not entirely clear, upon the facts stated in the case, that the plaintiff ever became an accepted soldier within the scope and meaning of the vote, he, cotemporaneously with being approved as fit for that purpose, having purchased his exemption by the payment of the three hundred dollars commutation, as provided by the conscription act. But however this may be, the plaintiff cannot recover. It is very properly conceded by the plaintiff's counsel that the act of 1863, authorizing towns to grant and vote bounties to drafted men, did not confer any authority on

the town to grant a bounty to the plaintiff, as that act is confined, in the subjects of bounty, to such drafted men as either actually entered the military service of the United States, or became exempt therefrom by having furnished a person accepted as a substitute. The plantiff neither entered the military service nor became exempt therefrom by having furnished such substitute, but procured his exemption by the payment of the pecuniary commutation. There is no ground upon which the plaintiff can recover, unless we hold that, independent of any special statute on the subject, and in the face of the policy of the legislature as indicated in the proviso of the act of 1863 above mentioned, towns had power to grant such bounties. This we are not prepared to do. In *Whitney* v. *Town of Athens*, in this county, some four or five years ago, it was ultimately decided by this court adversely to the existence of such general power in towns to grant bounties to soldiers, and to which we adhere.

Judgment affirmed.